UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KATHALINA MONACELLI,

                Plaintiff,

-vs-                                                                      Case No. 2:08-cv-921-FtM-29SPC

LEE COUNTY EDUCATION ASSOCIATION;
LEE COUNTY SCHOOL BOARD; ROBERT
CHILMONIK District 1 School Board Member;
GULF MIDDLE SCHOOL; BILL LANE,

                Defendants.
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This matter comes before the Court on the Plaintiff, Kathalina Monacelli's Motion to Proceed *In Forma Pauperis* (IFP) (Doc. #2) filed on December 5, 2008. On December 17, 2008, the Court issued an Order denying without prejudice the Motion for IFP because her Complaint failed to state a cause of action. The Court gave the Plaintiff leave to file an amended complaint. The Plaintiff timely filed the Amended Complaint (Doc. #8) on December 22, 2008. Thus, the Motion to Proceed IFP will be addressed by the Court.

      The Plaintiff seeks to proceed IFP under 28 U.S.C. §1915 which states in pertinent part, "any Court of the United States may authorize the commencement...of any suit, action or proceeding....without prepayment of fees and costs..., by a person who makes affidavit that he/she is unable to pay such costs..." Further, under §1915, it is within the Court's discretion to dismiss an action if the action is deemed "frivolous or malicious"; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. A

complaint is deemed frivolous if the Court finds that is lacks arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989).

In accordance with 28 U.S.C. §1915, the Court will first examine the Plaintiff's Complaint, in its entirety, to determine whether an action should proceed based on the validity of the claim. The Court considers that the Plaintiff is proceeding *pro se* and therefore, reviews the Complaint (Doc. #1) with a less stringent standard than those complaints written by attorneys. Trawinski vs. United Technologies, 313 F.3d 1295 (11th Cir. 2002). The Plaintiff's affidavit reveals that she has insufficient resources to conduct the litigation, but the Court must now review the Complaint to determine if it lacks arguable basis in law or fact.

In the Amended Complaint, the Plaintiff claims that she is filing an employment discrimination action pursuant to the First, Eleventh, and Fourteenth Amendments, the Civil Rights Act of 1964, 42 U.S.C. § 2000e (Title VII), the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et. seq.*, (4) the General Education Provisions Act 20 U.S.C. § 1221, the Sherman Antitrust Act of 1890 15 U.S.C. §§ 1-7, and the Federal Trade Commission Act 15 U.S.C. § 45. She claims the Defendants continue to hire her and instead hire other individuals who are less qualified and have lesser credentials than she has; including using "geographical demographics" to not hire Plaintiff; alleges Defendants will not hire an individual associated with a disabled person; the Defendant Discriminates against persons in lower socioeconomic levels; as well as national origin and ethnic backgrounds.

The Plaintiff's allegations in the Amended Complaint are confusing, and the Plaintiff fails to indicate which of the Defendants participated in which of the violations of the various statutes and Constitutional Amendments. The Plaintiff states the Defendants failed to hire her even though her

qualifications are superior to other applicants. She stated that she attended job fairs and applied on line but that she has been unsuccessful in obtaining employment within the Lee County School System because the Lee County School System keeps a pool of preferred applicants. The Plaintiff further alleges the Defendants only hire from preferential groups that they hire from without any waiting time or enforcing the normal application process. The Defendant states that she has attended several job fairs and complied with the normal application process but has failed to obtain employment after four (4) years of applying.

The Plaintiff asserts that members of families with disabled individuals are not hired with any frequency. The Plaintiff states that the Defendants have hired other individuals with fewer credentials. She further contends that the Lee County School District has a limited number of hires within certain geographic locations which includes her local address. She states the Defendants have placed a "redline" on hiring individuals from rural areas.

The Plaintiff further claims the Lee County School System does not hire individuals who are associated with a disabled person. Specifically, the Plaintiff states that deaf people, or people that are associated with deaf people, are not hired by the Lee County School District. The Plaintiff alleges that while she is not the person with the handicap, her association with the handicapped individual has resulted in the School Board tre
ating her as if she had the disability.

*Count I*

The Plaintiff states in Count I that her First, Eleventh and Fourteenth Amendment rights have been violated. The First Amendment provides as follows: "Congress shall make no law

respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble and to petition the Government for a redress of grievances." U.S. Constitution Amendment I. The Plaintiff has failed to allege any facts showing a violation of the First Amendment.

The Eleventh Amendment provides as follows: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Constitution Amendment XI. The Plaintiff has failed to allege any violation of the Eleventh Amendment.

The Plaintiff also alleges that her Fourteenth Amendment rights were violated. The Plaintiff fails to specify which Clause of the Fourteenth Amendment she claims that the Defendants violated. The Fourteenth Amendment does contain the Equal Protection Clause which provides in part that "No State shall . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Constitution Amendment XIV §1. The Equal Protection Clause does require Governmental agencies to treat similarly situated people alike, however, an Equal Protection claim relates to a statute that is discriminatory on its face, has a disparate impact, or is unequally administered. Corey Airport Services, Inc. v. City of Atlanta, 2008 WL 4452386, *19 (N.D. Ga. September 30, 2008) (citing E & T Realty v. Strickland, 830 F.2d 1107, 1112 n.5 (11th Cir. 1987)). The Plaintiff has failed to allege a violation of the Fourteenth Amendment.

*Count II*

The Plaintiff alleges a violation of the Civil Rights Act of 1964. The Plaintiff asserts that 42 U.S.C. 2000e protects all individuals based upon the grounds of race, religion, gender, or ethnicity and alleges that the School District only hires persons of the white race. Specifically the Plaintiff must allege that she (1) was a member of a protected class; (2) was qualified for the jobs she has applied for; (3) she suffered an adverse employment action; and (4) she was displaced by someone outside the protected class. Webb-Edwards v. Orange County Sheriff's Office, 525 F. 3d 1013, 1031 (11th Cir. 2008) (citing Hinson v. Clinch County Georgia Board of Education, 231 F.3d 821, 828 (11th Cir. 2000)). The Plaintiff fails to allege that she is a member of a protected class or that she has suffered an adverse employment action, or that she was misplaced by someone outside of the protected class. Therefore she fails to establish a claim for discrimination.

*Count III*

In Count III, the Plaintiff alleges that the Defendants have violated the American With Disabilities Act by her being associated with a disabled person. She does not allege that she is disabled herself. To show a *prima facie* case of association discrimination, the Plaintiff must establish: "(1) that she was subjected to an adverse employment action; (2) that she was qualified for the job at that time; (3) that her employer knew at that time that she had a relative with a disability; and (4) that 'the adverse employment action occurred under circumstances which raised a reasonable inference that the disability of the relative was a determining factor in [the employer's] decision.'" Wascura v. City of South Miami, 257 F.3d 1238, 1242 (11th Cir. 2001) (quoting Hilburn v. Murata Electronics North America, Inc., 181 F.3d 1220, 1230-31 (11th Cir. 1999)). The Plaintiff alleges discrimination based upon her association with her disabled child.

She has failed to plead all of the elements for a claim of association discrimination, therefore she has failed to state a claim upon which relief may be granted.

## *Count IV*

In Count IV, the Plaintiff alleges that the Defendants violated the General Education Provisions Act, 20 U.S.C. §1221. The Plaintiff claims that the Defendants hired fewer qualified individuals, used socioeconomic values in their hiring practices, and needs to change their hiring practices. The General Education Provisions Act applies to certain programs implemented by the Department of Education. 20 U.S.C. §1221(b)(1). The Plaintiff fails to state a cause of action under the General Education Provisions Act.

## *Count V*

In Count V, the Plaintiff alleges that the Defendants have a preferred group of individuals for hiring which violates the Sherman Act. "'[T]he purpose of the [Sherman] Act is not to protect businesses from the working of the market; it is to protect the public from the failure of the market. The law directs itself not against conduct which is competitive, even severely so, but against conduct which unfairly tends to destroy competition itself. It does so not out of solicitude for private concerns but out of concern for the public interest.'" Spanish Broadcasting System of Florida., Inc. v. Clear Channel Communications, Inc., 376 F.3d 1065, 1069-1070 (11th Cir. 2004) (quoting Spectrum Sports, Inc. v. McMillan, 506 U.S. 447, 459, 113 S. Ct. 884, 122 L. Ed. 2d 247 (1993)). The Plaintiff failed to allege a cause of action under the Sherman Act.

*Count VI*

In Count VI, the Plaintiff alleges that the Defendants have used unfair and deceptive trade practices in the hiring of teachers in violation of the Federal Trade Commission Act. "There is no private cause of action implied under the Federal Trade Commission Act." Lingo v. Albany Department of Community & Economic Development, 195 Fed. Appx. 891, 894 (11th Cir. 2006) (citing Roberts v. Cameron-Brown Co., 556 F.2d 356, 361 n.6 (5th Cir. 1977)). The Plaintiff failed to allege a cause of action under the Federal Trade Commission Act.

*Conclusion*

Therefore, it is respectfully recommended that the Motion to Proceed *In Forma Pauperis/Affidavit of Indigency* (Doc. #2) should be denied. Since the Plaintiff failed to address the Complaint's deficiencies and re-file an amended complaint that states a valid cause of action for which relief may be granted, it is further respectfully recommended the case be dismissed.

Accordingly, it is now **RESPECTFULLY RECOMMENDED:**

The Plaintiff Kathalina Monacelli's Motion to Proceed In Forma Pauperis (Doc. #2) should be **DENIED**. The Court further respectfully recommends that the case be **DISMISSED**.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**Respectfully recommended** at Fort Myers, Florida, this ___19th___ day of January, 2010.

/s/ Sheri Polster Chappell
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record